# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHAEL MARIE CASTRO,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant.<br>_____/ | Case No. 1:11-cv-02062-SKO<br><br>**ORDER THAT PLAINTIFF FILE A RESPONSE TO THE COMMISSIONER'S STATEMENT OR FILE SUPPLEMENTAL INFORMATION**<br><br>(Doc. Nos. 21, 22) |

On January 7, 2014, Plaintiff's counsel, Cyrus Safa, filed a motion for attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B).[1]  (Doc. 21.) Mr. Safa contends the Commissioner granted Plaintiff benefits totaling $64,297.60, of which Mr. Safa requests a fee of $10,000.00 pursuant to his contingency agreement with Plaintiff.  Mr. Safa notes his fee agreement with Plaintiff provides

---

[1] Plaintiff's counsel's original request for attorney's fees was made pursuant to 42 U.S.C. § 406(b). Plaintiff, however, was granted disability pursuant to Title XVI of the Social Security Act, and thus the request for attorney's fees is governed by 42 U.S.C. § 1383(d)(2)(B). Mr. Safa filed an amended request for fees pursuant to Section 1383(d)(2)(B) on January 27, 2014.  (Doc. 22).

for a contingency of 25% of past-due benefits awarded for a total of $16,074.40; however, Mr. Safa has reduced his request to $10,000. Mr. Safa further notes that, because he has been awarded fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,750, the $10,000 contingency fee award must be offset by that amount for a total contingency fee award of $5,250.

In support of his fee request, Mr. Safa filed a "Notice of Decision" issued by the Social Security Administration (the "Agency") dated October 18, 2013, indicating that a fully favorable decision was reached on Plaintiff's claim for disability benefits. (Doc. 21-3.) Mr. Safa also filed a "Notice of Award" letter he received from the Commissioner indicating Plaintiff had been awarded benefits, and the letter provided the details of the monthly payments owed to Plaintiff on past-due disability benefits. The total back payments due to Plaintiff were calculated as $64,297.60. (Doc. 21-4, p. 3.)

On February 4, 2014, the Commissioner filed a response stating that, while Plaintiff's counsel had calculated what he believed to be 25% of the past due benefits, there was no notice from the Agency providing the official calculation of the amount withheld by the Agency for attorney's fees. The Commissioner contends Mr. Safa's fee request should not be approved by the Court until he obtains and files the official notice with the "actual agency calculations of the amounts withheld" to pay attorney's fees. The Commissioner indicates she has been obligated to file motions for reconsiderations in other cases where calculation errors were made because counsel's estimate of fees did not comport with the official notice from the Agency. (Doc. 23, 2:16-25.) The Commissioner requests that Plaintiff's counsel's motion be denied without prejudice to refiling with the proper documentation; alternatively, the Commissioner requests the Court order Plaintiff's counsel to file the official notice from the Agency to corroborate the calculation of attorney's fees on past-due benefits.

Accordingly, IT IS HEREBY ORDERED that **by no later than March 31, 2014**:

1. Plaintiff's counsel shall file a response to the Commissioner's February 4, 2014, statement; **or**

2. Plaintiff's counsel shall file additional documentation showing the Social Security Administration's official calculation of benefits to be awarded to Plaintiff and the amount withheld for attorney's fees.

IT IS SO ORDERED.

Dated: **March 7, 2014**          **/s/ Sheila K. Oberto**
                                  UNITED STATES MAGISTRATE JUDGE