# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHAEL MARIE CASTRO, | Case No. 1:11-cv-02062-SKO |
| Plaintiff, | **ORDER AWARDING ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1383(d)(2)(B)** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Doc. Nos. 21, 22, 25) |
| Defendant. | |

## I. INTRODUCTION

On January 7, 2014, Plaintiff's counsel, Cyrus Safa, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 21.) Mr. Safa's motion was amended on January 27, 2014, to seek fees under 42 U.S.C. § 1383(d)(2)(B), the applicable section relating to awards of Supplemental Security Income ("SSI") benefits, which were at issue in this case. (Doc. 22.) Plaintiff Machael Marie Castro ("Plaintiff") and the Commissioner were each served with Plaintiff's counsel's motion. The Commissioner filed a response (Doc. 23), and Plaintiff filed a reply to the Commissioner's response (Doc. 25). For the reasons set forth below, Mr. Safa's motion for an award of attorney's fees is GRANTED.

## II.  BACKGROUND

In his motion, Mr. Safa contends the Commissioner granted Plaintiff benefits totaling $64,297.60, of which Mr. Safa requests a fee of $10,000 pursuant to his contingency agreement with Plaintiff. He asserts the total withholding under the fee agreement is $16,074.40, but Mr. Safa's request is limited to $10,000. Mr. Safa further notes that, because he has been awarded EAJA fees for his work in the amount of $4,750, the $10,000 award must be offset by that amount for a total award of $5,250.

In support of his fee request, Mr. Safa filed a "Notice of Decision" dated October 28, 2013, indicating that a fully favorable decision was reached on Plaintiff's claim for benefits. (Doc. 21-3.) Mr. Safa also filed a "November Notice of Award" letter he received from the Commissioner indicating Plaintiff had been awarded benefits, and the letter provided the details of the monthly payments owed to Plaintiff on past-due benefits. The total back payments due to Plaintiff were calculated as $64,297.60. (Doc. 21-4, p. 3.)

On February 4, 2014, the Commissioner filed a response stating that, while Plaintiff's counsel had calculated what he believed to be 25% of the past due benefits, there was no notice from the agency providing the official calculation of the amount withheld by the agency for attorney's fees. The Commissioner contends Mr. Safa's request should not be approved until he obtains and files the official notice with the "actual agency calculations of the amounts withheld" to pay attorney's fees. The Commissioner indicates she has been required to file motions for reconsideration in other cases where calculation errors were made because counsel's estimate of fees did not comport with the official notice from the agency. (Doc. 23, 2:16-25.) The Commissioner requests that Plaintiff's counsel's motion be denied without prejudice to refiling with the proper documentation, or that Plaintiff's counsel file the necessary and official notice from the agency to corroborate the calculation of attorney's fees on past-due benefits.

On March 31, 2014, Plaintiff's counsel responded that it was not clear counsel would ever receive a formal notice of the amount withheld by the agency because this case involved benefits for Supplemental Security Income ("SSI") only. Although more than four months have passed since the November Notice of Award letter was sent to Plaintiff's counsel, no other agency notice

has been received setting forth a calculation of attorney's fees withheld by the agency. (Doc. 25, 2:14-18.) The November Notice of Award letter clearly demonstrates the total back payments due to Plaintiff, and Mr. Safa asserts that simple mathematics demonstrates that the amount of attorney's fees equals $16,074.40. (Doc. 25, 2:19-21.) Moreover, Mr. Safa notes that SSI past-due benefits are paid in installments: the first installment consists of 3 months of back-benefits at the time the notice of award is issued; the second payments consists of 3 months of benefits paid to the claimant 6 months after the notice of award is issued; and the balance of past due benefits is paid 12 months after the issuance of the notice of award. As a result, the Commissioner holds most of the past-due benefits for 12 months, during which time the Commissioner may file a motion for reconsideration if there is a calculation error.

### III.  DISCUSSION

Pursuant to 42 U.S.C. § 1383(d), an attorney may seek an award of attorney's fees for work performed in a Social Security case where the claimant is awarded benefits under Title XVI. In relevant part, Section 1383 provides as follows:

> If the claimant is determined to be entitled to past-due benefits under this title and the person representing the claimant is an attorney, the Commissioner of Social Security shall pay out of such past-due benefits to such an attorney an amount equal to the lesser of –
>
> (i)  so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under section 1631(g) and reduced by the amount of any reduction in benefits under this title or title II pursuant to Section 1127(a), or
>
> (ii)  the amount of past-due benefits available after any applicable reductions . . . .

42 U.S.C. §1383(d)(2)(B).[1] In addition, "[t]he provisions of section 406 . . . shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter." 42 U.S.C. § 1383(d)(2)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for

---

[1] 42 U.S.C. § 1383 was amended by Congress on February 7, 2014.

payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Grisbrecht*, 535 U.S. at 802). The Commissioner has standing to challenge the award, despite that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht,* 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807*; see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

4

Here, the fee agreement between Plaintiff and her counsel provides for a fee consisting of "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Doc. 21-2.) The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel. Plaintiff's counsel reasonably expended a total of 21.75 hours litigating Plaintiff's case. (*See* Doc. 21-5). There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel because counsel secured a successful result for Plaintiff. There is also no evidence that Mr. Saga engaged in any dilatory conduct resulting in excessive delay. Attorney's fees in the amount of $16,074.40 represent 25% of the past-due benefits paid, and counsel seeks an award of $10,000 which is not excessive in relation to the past-due award. *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Grisbrecht*, 535 U.S. at 807)). Further, counsel has submitted billing statements in support of the requested fee, which were reviewed by the Court. (*See* Doc. 21-5.)

An award of attorney's fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Grisbrecht*, 535 U.S. at 796. Plaintiff's counsel has already been awarded $4,750.00 in fees pursuant to the parties' stipulation under the EAJA; thus any attorney's fees awarded must be offset by $4,750.00, and that amount must be refunded to Plaintiff.

5

Finally, attorney's fees in the amount of $10,000 shall be awarded despite the Commissioner's assertion that no formal notice from the agency regarding the precise amount of the fees withheld has been issued. There is a possibility that the November Notice of Award letter indicating Plaintiff is entitled to $64,297.60 in back benefits could be incorrect or the calculation of attorney's fees from this amount could be incorrect. However, there is no indication that a formal notice will be sent to Plaintiff's counsel, particularly as it has been several months since the issuance of the award letter and no formal calculation of attorney's fees has been sent to Plaintiff's counsel. Further, counsel has not requested the full 25% of the back benefits to Plaintiff as calculated in the November Notice of Award letter. Given that a formal notice from the agency regarding an amount of attorney's fees withheld from Plaintiff's benefits may not be sent to Plaintiff's counsel, the Court finds the November Notice of Award letter is sufficient to calculate the attorney's fees withheld and the amount to which Plaintiff's counsel is entitled. As such, attorney's fees in the amount of $10,000 shall be awarded to Plaintiff's counsel.

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Mr. Safa pursuant to Section 1383(d)(2)(B) are reasonable and shall be awarded.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section 1383(d)(2)(B) in the amount of $10,000.00 is GRANTED; and
2. Plaintiff's counsel shall refund to Plaintiff $4,750.00 of the fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **April 17, 2014**                          /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE